**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terrence Lee SUNDSMO, Defendant–Appellant.**

**No. 11–30356.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 2, 2013.

Ryan Wesley Bounds, Assistant U.S., Kelly A. Zusman, Assistant U.S., Office of

the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Francesca Freccero, Assistant Federal Public Defender, FPDOR–Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Terrence Lee Sundsmo appeals from the district court's judgment and challenges the 188–month sentence imposed following his guilty-plea conviction for possession of child pornography with previous conviction for sexual abuse of a minor, in violation of 18 U.S.C. § 2252A(a)(5)(B), as enhanced by § 2252A(b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sundsmo argues that the district court erred by imposing a five-level enhancement under U.S.S.G. § 2G2.2(b)(5) because his 1996 convictions for sexually abusing a minor do not qualify as relevant conduct or expanded relevant conduct under U.S.S.G. § 1B1.3(a). We review de novo, *United States v. Garner,* 490 F.3d 739, 742 (9th Cir.2007), and conclude that the enhancement under section 2G2.2(b)(5) was properly imposed. *See* U.S.S.G. § 2G2.2(b)(5) & cmt. n. 1; U.S.S.G. Manual app. C., amend. 537 (1996) ("pattern of activity" enhancement applies to "past sexual abuse or exploitation unrelated to the offense of

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

conviction" and, thus, reaches more "broad[ly] than the scope of relevant conduct typically considered under § 1B1.3"); *Garner*, 490 F.3d at 743 ("The plain language of the Commentary to § 2G2.2 eliminates the need for any temporal or factual nexus between the offense of conviction and any prior act of sexual abuse or exploitation; the provision obviously intends to cast a wide net to draw in any conceivable history of sexual abuse or exploitation of children."). Sundsmo's various arguments for a narrower interpretation of section 2G2.2(b)(5) are unavailing.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.